**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-40664
Summary Calendar

BILL PINKERTON,

                                        Plaintiff-Counter Defendant-Appellant,

versus

GULF STATES UTILITIES COMPANY;
ENTERGY CORPORATION; and BUCK
CONSULTANTS,

                                        Defendants,

GULF STATES UTILITIES COMPANY;
ENTERGY CORPORATION,

                                        Defendants-Counter Claimants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

(1:95-CV-389)

July 28, 1997

Before POLITZ, Chief Judge, KING and PARKER, Circuit Judges.

PER CURIAM:[*]

Bill Pinkerton was employed as a manger for Gulf States Utility Co. prior to its January 1994 merger with Entergy Corp. He declined an invitation to stay with the company and retired on April 1, 1994. As a participant in GSU's Executive Income Security Plan he was entitled to a lifetime severance benefit equal to fifty percent of his average final salary. The EISP payment was determined by offsetting the fifty percent payment by all other sources of retirement income, including social security.

In connection with the merger, an augmented early retirement plan was available to individuals over fifty years old who retired from GSU. The augmented benefit was greater than the standard benefit contained in GSU's retirement plan. Pinkerton was eligible for the augmented benefit and received same.

Because of a computation error Pinkerton's EISP benefits were overpaid for the first nine months. The higher augmented retirement benefit was not deducted from his severance pay. Deduction of the lower standard benefit resulted in a monthly overpayment of $982.54. Upon realization of the error, Entergy recalculated the benefit and began paying the correct amount. Pinkerton filed the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

instant suit, alleging that his EISP benefits had been reduced wrongfully and that Entergy and GSU had breached the merger agreement.

Pinkerton contends that the district court erred in determining that the augmented retirement benefit did not violate ERISA § 204(g) or the merger agreement. We are otherwise persuaded and find no error in the court's conclusion that Pinkerton's EISP benefits were not changed by the merger. Entergy did not reduce Pinkerton's benefits after nine months--it merely corrected a computation error and began paying the proper amount. The corrected retirement benefit neither violated the merger agreement nor ERISA's prohibition against decreasing accrued benefits by amendment of a plan.[2]

Pinkerton also contends that the trial court erred in concluding that he lacked standing to enforce §§ 6.9(a)(iii) and 6.9(c) of the merger agreement. Texas law provides that a third party may recover on a contract only if the parties intended to secure a benefit to the third party and entered into the contract directly and primarily for that reason.[3] Assuming *arguendo* that Pinkerton is a third party beneficiary of the merger agreement, the plain language thereof provides that, with a few enumerated exceptions not including §§ 6.9(a)(iii) and 6.9(c), only parties to

[2]29 U.S.C. § 1054(g).

[3]**Goldberg v. R.J. Longo Constr. Co.**, 54 F.3d 243 (5th Cir. 1995).

the contract may enforce its provisions.  Pinkerton was not a party to the merger

agreement; he therefore lacks the requisite standing.

We find no error and the judgment appealed is AFFIRMED.